POLSTON, J., dissenting.
Because the Fourth District's decision in Geico General Insurance Co. v. Harvey , 208 So.3d 810 (Fla. 4th DCA 2017), does not expressly and directly conflict with this Court's decisions in Boston Old Colony Insurance Co. v. Gutierrez , 386 So.2d 783 (Fla. 1980), and Berges v. Infinity Insurance Co ., 896 So.2d 665 (Fla. 2004), this Court does not have the constitutional authority to review this case. Therefore, I respectfully dissent.
In Boston Old Colony , 386 So.2d at 784, this Court answered a certified question regarding whether our case law "authorize[d] a bad faith action against an insurance company when that company has refused to settle a claim at the express direction of its own insured who obtain[ed] a settlement of his claim and the insurance company thereafter offer[ed] to settle for its policy limits before trial." "Although we [held that our precedent] may, in some circumstances, authorize such a suit, we [found] the evidence in [ Boston Old Colony ] legally insufficient to show bad faith ...." Id. Boston Old Colony had argued "that its motion for a directed verdict should have been granted" given the lack of evidence of bad faith. Id. at 785.
In reaching our decision in Boston Old Colony , this Court set forth the obligations of good faith that an insurer owes to its insured:
An insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business. For when the insured has surrendered to the insurer all control over the handling of the claim, including all decisions with regard to litigation and settlement, then the insurer must assume a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured. This good faith duty obligates the insurer to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same. The insurer must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospects of paying the total recovery, would do so.
386 So.2d at 785 (citations omitted). This Court stated that the evidence demonstrated that Boston Old Colony had fulfilled these enumerated obligations; therefore, there was "no sufficient evidence" of bad faith, and Boston Old Colony's motion for directed verdict should have been granted. Id. at 785-86.
The Fourth District conducted nearly an identical analysis in Harvey . First, it quoted the above, block-quoted language from this Court's decision in Boston Old Colony .
*22 Then, the Fourth District explained how the evidence demonstrated that GEICO had fulfilled the obligations of good faith listed in Boston Old Colony :
(1) GEICO was obligated to "advise the insured of settlement opportunities." Although GEICO did not immediately inform the insured that the estate wanted a statement, the evidence showed that GEICO notified the insured on August 31 that the estate wanted the insured's statement. Significantly, the estate did not inform GEICO that a full settlement of its claim against the insured was contingent upon providing a statement. Thus, GEICO fulfilled this obligation.
(2) GEICO was required to "advise as to the probable outcome of the litigation," and (3) "warn of the possibility of an excess judgment." Here, the record reflects that GEICO promptly warned the insured as to the possibility of an excess judgment. Thus, GEICO satisfied these obligations as well.
(4) GEICO was also obligated to "advise the insured of any steps he might take to avoid" an excess judgment. The record also shows that GEICO did this too, and recommended that the insured retain his own attorney, which he did, and, as stated above, informed the insured that the estate wanted a statement.
(5) GEICO was further obligated to "investigate the facts." Nothing in the record indicates GEICO was deficient in this regard.
(6) GEICO could not have given "fair consideration to a settlement offer" because the evidence was undisputed that the estate never made a settlement offer.
(7) Finally, GEICO was required to "settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." Here, GEICO attempted to settle with the estate nine days after the accident by tendering, without limitation or even a demand, the full policy limits to the estate's attorney. Thus, the evidence showed that GEICO also fulfilled this final obligation.
Id. at 815. Accordingly, just as this Court in Boston Old Colony held after concluding that the evidence demonstrated that the insurer fulfilled its obligations of good faith, the Fourth District "conclude[d] that the trial court should have directed a verdict" in the insurer's favor. Id. at 816. There is no conflict (misapplication or otherwise) between Boston Old Colony and Harvey .
Additionally, there is no conflict between the Fourth District's decision in Harvey and this Court's decision in Berges v. Infinity Insurance Co. , 896 So.2d 665 (Fla. 2004). In Berges , 896 So.2d at 668-69, this Court repeated the obligations outlined in Boston Old Colony, the same obligations of good faith applied by the Fourth District in Harvey . The results were different in Berges and Harvey because the facts were different. In Berges , 896 So.2d at 670-71, the insurer failed to meet settlement deadlines and only notified the insured of the possibility of an excess judgment and the right to retain independent counsel after the deadlines passed. There was also expert testimony in Berges that the insurer "could have and should have been able to pay the policy limits within the time period." Id. at 678. In contrast, in Harvey , GEICO did not fail to meet any settlement deadlines, and GEICO promptly notified the insured of the possibility of an excess judgment and the right to retain independent counsel 3 days after the accident. 208 So.3d at 812. And 9 days after the accident, "GEICO sent the estate a release along with a check for the $100,000 policy *23 limits even though the estate never demanded the policy limits." Id. Furthermore, in Harvey , the Fourth District's examination of GEICO's conduct in fulfilling its obligations of good faith is entirely consistent with the language in Berges stating that the focus of a bad faith case is on the conduct of the insurer. The Fourth District's comment in Harvey regarding the insured's actions or inactions was dicta and only mentioned after Fourth District reached its holding that GEICO fulfilled its obligations of good faith to the insured. Therefore, because Harvey applied the same obligations of good faith listed in Berges to reach its holding but to different facts, there is no conflict.
Accordingly, Harvey does not conflict with Boston Old Colony or Berges , and this Court does not have jurisdiction. I respectfully dissent.
CANADY, C.J., and LAWSON, J., concur.